BANCO DE PONCE, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1270. Submitted December 1, 1950.—Decided January 31, 1951.

**124**

*L. E. Dubón, R. García Cintrón, L. Ríos Algarín,* and *J. Pieras, Jr.,* for appellant. The Registrar appeared by brief.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

As appears from the deed of "Mortgage to Secure Promissory Note to Bearer," executed in San Juan on March 21, 1950 before Notary Luis Ríos Algarín under No. 21 of his protocol of that year—registration of which was refused by the respondent registrar thereby giving rise to the present appeal—on January 17, 1949 Alfredo Cedeño Rodríguez, one of the parties to said deed, executed a promissory note payable to Arturo Muñoz McCormick, or order, in the amount of $6,552.53 as principal with interest at the rate of 7 per cent per annum, to become due July 17 of that same year. This promissory note was in turn endorsed by Muñoz McCormick to the Banco de Ponce, another party to the deed in question, for value received, said bank being the owner and holder of the obligation referred to on the date of the excution of the aforesaid mortgage deed.

As it also appears from the latter, since the principal of said obligation was not paid on maturity, the executing party Cedeño, as well as Arturo Muñoz McCormick, the endorser of the note issued January 17, 1949, subscribed on that same day, March 21, 1950, and in substitution of the aforesaid promissory note, a new obligation "payable to the Banco de Ponce, or order," in the same amount as principal, to become due December 31, 1950. Said promissory note was copied verbatim in said deed. It begins: "We jointly and severally promise to pay *to bearer, or order* . . ." (Italics ours.)

By the same deed No. 21 under our consideration, and "to secure to the owner, bearer, holder, or endorser of the obligation above transcribed" the amount of the principal thereof, plus interest at 7 per cent per annum and an additional credit of $500 for costs, expenses, and attorney's fees in case of litigation, Cedeño constituted a voluntary mortgage over a farm he owned which is described in clause A of said deed; and as an additional collateral security in the event that said property did not sufficiently cover the total amount of said mortgage liability, he constituted a collateral mortgage over another of his properties, which is described in clause B of said deed.

The Registrar refused "to record the mortgage involved herein, after examining a complementary document, in view of the ambiguity, confusion, and contradiction" between the contents of the sixth paragraph of the deed—that is, the paragraph setting forth that in lieu of the promissory note subscribed on January 17, 1949 a new obligation had been subscribed on March 21, 1950 "payable to the Banco de Ponce, or order"—and the obligation itself copied in the deed, to which said sixth paragraph referred—that is, the promissory note to bearer subscribed on the aforesaid date by Cedeño and Muñoz McCormick—the Registrar being unable to determine whether that obligation was nominative or to bearer, which fact necessarily had to appear in the record of the mortgage constituted to secure it, in order to inform and give notice of its constitution to future purchasers of the encumbered property, to third parties and to any person examining the books of the registry in search of information regarding the title and condition or freedom from encumbrance of the mortgaged properties. The Registrar, moreover, considered that it was necessary to set forth in the record the nature of the aforesaid obligation, for the purpose of its cancellation at the proper time inasmuch as, if it were nominative, the mortgage could only be cancelled by the Banco de Ponce or by the endorsee of the

promissory note, whereas if it were payable to bearer it could be cancelled by the possessor or holder of the obligation, whoever it might be. In his brief in support of his decision refusing registration he maintains essentially the same points of view.

The appellant on its part contends that there is neither ambiguity nor confusion in the document, —although it admits lack of clearness in its drafting—since from the text of the deed taken as a whole it doubtless appears that it is a promissory note *to bearer* and that the mortgage is constituted to secure the payment of said obligation; and that the fact that the sixth paragraph recites that the note of March 21, 1950, in substitution of the previous note of January 17, 1949, was being subscribed "payable to the Banco de Ponce, or order," merely purports to indicate the owner or holder of the promissory note on the date of the execution of said deed, the lack of clearness or incongruence being in any event an extrinsic defect of form which does not warrant the refusal to record.

We think that the Registrar is correct. In the sixth clause of the deed the notary attests to the statements of the parties thereto: that on the same date of the execution of the deed Cedeño and Muñoz McCormick subscribed "a new obligation payable to the Banco de Ponce, or order," to substitute the former obligation subscribed by Cedeño in favor of Muñoz McCormick and endorsed by the latter to said Bank. And he also attests to the contents of said obligation, which in its context differs, as to the nature thereof, from the obligation which the parties have stated that they subscribed. From the first it appears that the obligation is nominative, and from the second, that it is payable to bearer. Such contradiction is not a mere extrinsic defect of form, as appellant claims, for it affects the very nature of the main obligation which is secured by the mortgage sought to be recorded; and the Registrar can not surmise that the promissory note to bearer copied in the deed is the

one, for appellant itself has stated that the obligation was subscribed *payable to it,* or to its order. The safety and certainty which must appear from the books of the registry regarding the condition of the title and encumbrances of recorded properties, and the transactions affecting them, can not suffer the entries therein to rest on suppositions or constructions, *cf. Water Resources Authority* v. *Registrar,* 62 P.R.R. 724, and the legality of the documents must be determined only upon the facts that appear from the documents themselves or from the registry. *Roman Catholic Church, etc.,* v. *Registrar,* 65 P.R.R. 567. As well put by the Registrar, both for the information of those who consult the registry, and in order to cancel the mortgage at the proper time, the nature of the obligation sought to be secured by the mortgage must necessarily be set forth in the record, with certainty. The Registrar can not carry such certainty to the books because the same does not appear from the document presented to him.[1]

The decision of the Registrar will be affirmed.

---

[1] The appellant itself, upon being notified by the Registrar of the defects which in his judgment the deed had, was of the view that notwithstanding the fact that in the obligation copied in the sixth paragraph it is stated that said obligation was payable to bearer, the same was an obligation payable to the Banco de Ponce or to its order, and that this was manifest upon the Bank appearing in the deed and accepting the terms thereof.